IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER,<br><br>        Plaintiff,<br><br>vs.<br><br>JAMES THOMAS HURD,<br><br>        Defendant. | **8:23CV208**<br><br>**ORDER** |
| SUSANNE BECKER,<br><br>        Plaintiff,<br><br>vs.<br><br>RANDALL COUNTY COURT,<br><br>        Defendant. | **8:23CV270**<br><br>**ORDER** |
| SUSANNE BECKER,<br><br>        Plaintiff,<br><br>vs.<br><br>FIRST NATIONAL BANK OF OMAHA, JEAN RHODES, MARK SCHMIDT, and CINDY SCHMIDT,<br><br>        Defendants. | **8:23CV275**<br><br>**ORDER** |
| SUSANNE BECKER HURD,<br><br>        Plaintiff,<br><br>vs. | **8:23CV278**<br><br>**ORDER** |

| | |
|---|---|
| LYNETTE STODDARD, AUDREY M. ELLIOT LONG, MARK R. SCHMIDT, and CINDY SCHMIDT,<br><br>        Defendants. | |
| SUSANNE BECKER,<br><br>        Plaintiff,<br><br>    vs.<br><br>JAMES REGEAN, Individual capacity, official capacity;<br><br>        Defendant. | **8:23CV279**<br><br>**ORDER** |
| SUSANN BECKER HURD,<br><br>        Plaintiff,<br><br>    vs.<br><br>KADEE BAYLESS, and COURTNEY R. GLIEM,<br><br>        Defendants. | **8:23CV284**<br><br>**ORDER** |
| SUSANN BECKER HURD,<br><br>        Plaintiff,<br><br>    vs.<br><br>AUDREY LONG, MARK SCHMIDT, CYTHIA SCHMIDT, SCOTTSBLUFF PUBLIC SCHOOL DISTRICT, and AULICK,<br><br>        Defendants. | **8:23CV285**<br><br>**ORDER** |

| | |
|---|---|
| SUSANN BECKER HURD,<br><br>              Plaintiff,<br><br>    vs.<br><br>KIRK FELLHOELTER, KRISTEN MICKEY, AUDREY MILLER, KADEE BAYLESS, MICHAEL MODEC, SCOTTSBLUFF COUNTY COURT, and SCOTTSBLUFF PUBLIC SCHOOL DISTRICT,<br><br>              Defendants. | **8:23CV286**<br><br>**ORDER** |
| SUSANNE BECKER HURD,<br><br>              Plaintiff,<br><br>    vs.<br><br>STATE OF NEBRASKA, CITY OF SCOTTSBLUFF, and SCOTTSBLUFF COUNTY COURT,<br><br>              Defendants. | **8:23CV288**<br><br>**ORDER** |
| SUSANN BECKER,<br><br>              Plaintiff,<br><br>    vs.<br><br>SCOTTSBLUFF COUNTY SHERIFF,<br><br>              Defendant. | **8:23CV293**<br><br>**ORDER** |
| SUSANNE BECKER,<br><br>              Plaintiff,<br><br>    vs. | **8:23CV294**<br><br>**ORDER** |

3

| | |
|---|---|
| SCOTTS BLUFF COUNTY, SCOTTSBLUFF CITY, GERING CITY, and STATE OF NEBRASKA,<br><br>        Defendants. | |
| SUSANN BECKER HURD,<br><br>        Plaintiff,<br><br>vs.<br><br>AUDERY ELLIOT LONG,<br><br>        Defendant. | **8:23CV295**<br><br>**ORDER** |
| SUSANNE BECKER HURD,<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTY OF SCOTTSBLUFF, and CITY OF GERING,<br><br>        Defendants. | **8:23CV302**<br><br>**ORDER** |
| SUSANNE BECKER,<br><br>        Plaintiff,<br><br>vs.<br><br>SCOTTS BLUFF SHERIFF OFFICE, and GMC FINANCIAL,<br><br>        Defendants. | **8:23CV316**<br><br>**ORDER** |

The above-captioned cases are before the Court on an e-mail sent by Plaintiff Susanne Becker, also known as Susanne Becker Hurd,[1] to the Clerk of the Court on August 7, 2023, which was filed at the direction of the Court as a motion in each of Plaintiff's 14 pending pro se cases. *E.g.*, Filing No. 11, Case No. 8:23CV208. In the e-mail, as the Court understands it, Plaintiff takes the position that she can e-mail the Clerk her motions and pleadings and the Clerk is required to file them under Federal Rule of Civil Procedure 5(d)(4).

Construing Plaintiff's e-mail as a motion to file documents in her pending cases by e-mailing the documents to the Clerk of the Court, the Court will deny Plaintiff's motion. Plaintiff essentially appears to be attempting to avoid the Court's established procedures and requirements for electronically filing documents with the Court. Pursuant to Federal Rule of Civil Procedure 5(d)(3)(B), "[a] person not represented by an attorney: (i) may file electronically only if allowed by court order or by local rule; and (ii) may be required to file electronically only by court order, or by a local rule that includes reasonable exceptions." This Court's local rules permit pro se parties to use the Court's electronic case filing ("CM/ECF") system ("System") by registering with the Public Access to Court Electronic Records ("PACER") system. *See* NEGenR 1.3(b)(1). Though Plaintiff previously had her PACER access revoked, on July 25, 2023, the Court granted Plaintiff's request to reinstate her electronic filing access and specifically directed Plaintiff that she "may reinstate her PACER account using her existing account that the Court has on record by e-mailing the Clerk of Court at NEDdb_Clerk_Mail@ned.uscourts.gov and specifically identifying the cases for which she would like to have electronic filing access." Filing No.

---

[1] Plaintiff also identifies herself as "Susann" Becker or "Susann" Becker Hurd in Case Nos. 8:23CV284, 8:23CV285, 8:23CV286, 8:23CV293, and 8:23CV295.

10 at 7, Case No. 8:23CV208. **Thus, all Plaintiff has to do if she wants to file documents electronically in her cases is e-mail the Clerk's office with a list of the case numbers for which she wants electronic filing access. Once Plaintiff does that, the Clerk of the Court will grant her electronic filing access for each of the cases identified**.

As defined by the Court's local rules, "'[e]lectronic filing' or 'electronically file' means uploading a document directly from a registered user's computer, using the court's Internet-based System to file that document in the court's case file. . . . Sending a document to the court via electronic mail (e-mail) or facsimile transmission (fax) is not electronic filing." NEGenR 1.1(d)(5). Moreover, "[a] document faxed or e-mailed to the clerk or assigned judge is not considered filed without a court order." NECivR 5.1(c). As a pro se litigant, Plaintiff is "bound by and must comply with all local and federal procedural rules." NEGenR 1.3(g). While Federal Rule of Civil Procedure 5(d)(4) provides that "[t]he clerk must not refuse to file a paper *solely* because it is not in the form prescribed by these rules or by a local rule or practice," the Court advises Plaintiff that the Court will not allow Plaintiff to avoid the established requirements for electronically filing documents in this Court and, going forward, the Court will not accept any documents Plaintiff e-mails to the Clerk for filing in any of her cases and such documents will be returned to Plaintiff without filing at the Court's direction. There is no need for Plaintiff to e-mail any documents to the Clerk for filing when the Court has permitted her access to the Court's CM/ECF System. If Plaintiff wants to electronically file documents with the Court, she can do so in compliance with federal and local rules.

Lastly, the Court notes that Plaintiff's e-mail seems to indicate that materials she submits for filing are submitted under Federal Rule of Civil Procedure 5(d)(2), which governs nonelectronic filings, and she "didn't give [the Clerk] any permission to upload my non paper form to be electronic form under Rule 5(d)3 [sic]." Filing No. 11, Case No. 8:23CV208. However, documents filed "nonelectronically" with the Court are scanned and uploaded to the System. *See* NEGenR 1.1(d)(5) ("Electronic filing also includes uploading to the System done by the clerk of a document given to the court in paper format or as a .pdf . . . file."); NECivR 5.1(e) ("The clerk does not maintain a paper court file in any case unless required by law or local rule."); NECivR 5.1(e)(2) ("The clerk scans and discards original documents brought to the clerk for filing unless the document's size or nature requires that it be kept in a paper format."). Documents are not considered filed "until the filing party receives a System generated NEF after uploading the document to the System." NECivR 5.1(c). Per the Court's local rules, documents submitted by Plaintiff for filing in this Court will be uploaded to the System.

IT IS THEREFORE ORDERED that:

1. Plaintiff's e-mail, construed as a motion to file documents by e-mail, Filing No. 11, Case No. 8:23CV208; Filing No. 9, Case No. 8:23CV270; Filing No. 9, Case No. 8:23CV275; Filing No. 10, Case No. 8:23CV278; Filing No. 11, Case No. 8:23CV279; Filing No. 9, Case No. 8:23CV284; Filing No. 10, Case No. 8:23CV285; Filing No. 9, Case No. 8:23CV286; Filing No. 10, Case No. 8:23CV288; Filing No. 10, Case No. 8:23CV293; Filing No. 12, Case No. 8:23CV294; Filing No. 11, Case No. 8:23CV295; Filing No. 9, Case No. 8:23CV302; Filing No. 4, Case No. 8:23CV316, is denied.

2. Any e-mail submitted by Plaintiff to the Clerk of the Court in which Plaintiff seeks to file a document in any of her cases shall be referred to the Supervising Pro Se Judge for review, and the Clerk of the Court is directed not to file any e-mail or e-mailed document until this review has been completed. The Supervising Pro se Judge shall review the e-mail and shall return the e-mail to Plaintiff without filing if it is determined that the proposed e-mail does not comply with this Order or federal or local rules. A record of any such submission and return shall be maintained by the Clerk in the CM/ECF system under the "PS" designation or as otherwise directed by the Supervising Pro Se Judge.

3. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at her address on file with the Court and transmit a copy of this Order to Plaintiff via e-mail in response to her August 7, 2023 e-mail to the Clerk's Office.

Dated this 9th day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge