IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER, | |
| Plaintiff, | 8:23CV275 |
| vs. | |
| FIRST NATIONAL BANK OF OMAHA, JEAN RHODES, MARK SCHMIDT, and CINDY SCHMIDT, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff's pro se Complaint, Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 5. Also before the Court are Plaintiff's Motion to Appoint Counsel, Filing No. 14, and Motion captioned as a "Request for Transfer Admissions," Filing No. 15. The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff Susanne Becker brings this action under 42 U.S.C. § 1983, against First National Bank of Omaha, Jean Rhodes, Mark Schmidt, and Cindy Schmidt. Filing No. 1 at 2-3. Plaintiff alleges Defendant First National Bank of Omaha (FNBO) injured Plaintiff when it allowed Plaintiff's child to open a banking account without Plaintiff's consent. Filing No. 1 at 7. Plaintiff asserts that FNBO disregarded Plaintiff's "parental civil rights" under the Fourteenth Amendment when it allowed another person to pose as a family member to authorize Plaintiff's child to open the account. Filing No. 1 at 7. Plaintiff

alleges FNOB's failure to obtain authorization from Plaintiff deprived Plaintiff of her right to protect her child's financial information. Filing No. 1 at 7-8.

Plaintiff further alleges that Defendant Jean Rhodes was the child's guardian ad litem at the time the account was opened. Filing No. 1 at 8. Plaintiff alleges that Defendants Mark and Cindy Schmidt were the child's foster parents at the time the account was opened.[1] Filing No. 1 at 8. Plaintiff asserts that the individual Defendants had a duty to protect the child's interests and failed to do so. Filing No. 1 at 8. As a result of Defendants' actions, Plaintiff alleges she is entitled to over $9.5 million in damages for financial and emotional harm and punitive damages. Filing No. 1 at 8.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

[1] Defendants Jean Rhodes, Mark Schmidt, and Cindy Schmidt will be collectively referred to as "the individual Defendants."

2

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The Court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint, even construed liberally, does not state a claim for relief. First, Plaintiff fails to plead facts showing FNBO is a state actor. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49. Plaintiff does not allege any facts suggesting FNBO is clothed with such authority. In other words, Plaintiff's claims fail to state a claim upon which relief may be granted under § 1983 because no facts are alleged to show that Defendant FNBO acted under color of law.

Second, even if the individual Defendants were acting under color of state law, Plaintiff has not shown she has standing to assert any claim against them. Plaintiff appears to sue for her own injury. That is, Plaintiff appears to allege that Defendants violated Plaintiff's constitutional right to protect her child's financial information. *See* Filing No. 1 at 8. However, no such right exists.

Construed liberally, Plaintiff could be attempting to protect her child's rights. However, non-attorney parents cannot litigate pro se on behalf of their minor children, even if the minors cannot then bring the claim themselves. *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020). While parents may litigate claims involving the denial of social security benefits, "no comparable exception has ever been

recognized for a lawsuit based on § 1983 or general state tort law." *Id.* Thus, even if Plaintiff is attempting to protect her child's rights, she lacks standing to do so.

Finally, Plaintiff's Complaint lacks sufficient facts to discern whether Plaintiff asserts a cognizable claim. In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. *See Iqbal*, 556 U.S. at 678. Further, even though pro se complaints are construed liberally, they still must allege sufficient facts to support the claims asserted. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Plaintiff's allegations are predominantly legal conclusions about her so-called parental rights under the Fourteenth Amendment. However, the Complaint provides few facts to give context for Plaintiff's relationship or legal status with her child. In short, the conclusory allegations that Defendants violated the law are not entitled to an assumption of truth. Accordingly, Plaintiff's Complaint is subject to dismissal.

## V. MOTION TO APPOINT COUNSEL

There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith,* 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper*

*Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Having carefully considered the record, the Court will not appoint counsel at this time.

## V. "REQUEST TO TRANSFER ADMISSIONS"

Plaintiff's Motion, captioned as a "Request to Transfer Admissions," is largely indiscernible. Plaintiff submitted the Motion in numerous pending cases before the Court, but fails to specify how it is relevant to the present case. Although the Motion asserts Plaintiff is entitled to "reinstatement," it does not identify the nature of the reinstatement or provide a legal basis for seeking relief. Even construed liberally, the Motion lacks a coherent statement of the relief sought and is therefore denied.

## V. CONCLUSION

Plaintiff's Complaint does not show this Court has subject matter jurisdiction over all of the Defendants, nor does it allege sufficient facts to state a plausible claim. Thus, no claim is stated upon which relief may be granted. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e), and the Court will dismiss this matter without prejudice and without leave to amend.

IT IS THEREFORE ORDERED:

1. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.
2. Judgment shall be entered by a separate document.
3. Plaintiff's Motion to Appoint Counsel, Filing No. 14, is denied.
4. Plaintiff's Motion captioned as a "Request for Transfer Admissions," Filing No. 15, is denied.

Dated this 12th day of December, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge